**TURNPIKE FORD, INC., Plaintiff,**

v.

**FORD MOTOR COMPANY and Ford Motor Credit Company, Defendants.**

No. 2:05–CV–00398.

United States District Court, S.D. West Virginia, Charleston.

July 10, 2007.

John K. Cecil, John H. Tinney, John H. Tinney, Jr., Kimberley R. Fields, The Tinney Law Firm, Charleston, WV, for Plaintiff.

Carla W. McMillian, Jean–Alain Schneider, Kelly J. Baker, Suzanne M. Alford, Thomas W. Curvin, Sutherland Asbill & Brennan, Atlanta, GA, Richard D. Jones, Flaherty Sensabaugh & Bonasso, Charleston, WV, for Defendants.

### MEMORANDUM OPINION AND ORDER

STANLEY, United States Magistrate Judge.

Pending before the court is Defendants' Motion to Compel Deposition Testimony of Stephen F. Parsons, filed May 22, 2007. (Docket # 97.) Plaintiff responded on June 8, 2007 (# 100), and Defendants replied on June 21, 2007 (# 102). The court heard oral argument on July 9, 2007, making the matter ripe for decision.

In the Motion, Defendants seek an order compelling the deposition of Stephen F. Parsons, one of the dealer-principals of Plaintiff Turnpike Ford, Inc. At an earlier deposition, Defendants asked Mr. Parsons if he had provided Plaintiff's experts, Michael Brookshire and George A. Barrett of Michael I. Brookshire Associates, with information about Plaintiff and its business, and counsel for Plaintiff objected on the basis that such information was protected by the attorney-client privilege. Defendants assert that Mr. Parsons' response to such questioning is appropriate because such information is not protected by the attorney-client privilege and, even if it is protected, it is still discoverable pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Defendants argue that Rule 26(a)(2)(B) has been interpreted to require the disclosure of information considered by an expert, including information purportedly protected by the attorney-client privilege and/or work product doctrine. In addition, Defendants assert that information discoverable under Rule 26(a)(2)(B) can be sought from either the individual who provided the information or from the expert to whom the information was provided.

Plaintiff opposes the Motion, and argues that communications involving Mr. Parsons, Plaintiff's experts and Plaintiff's counsel are protected by the attorney-client privilege. Plaintiff acknowledges that communications protected by the attorney-client privilege maintain their privileged status unless such communications are considered by a testifying expert in formulating his or her opinions, but argues that prior to being entitled to discover the content of any protected oral communication, a party seeking discovery must demonstrate that the testifying expert considered the communication in question in formulating his or her expert opinion. Plaintiff argues that "Mr. Parsons is not capable of determining what [Plaintiff's] testifying witnesses considered in reaching and/or rendering the opinions contained in their report. Only the testifying experts, can answer that threshold question." (# 100, p. 10.) Instead, Plaintiff argues it is Plaintiff's expert who should answer the question of what he considered, not Mr. Parsons.

At the hearing, Defendants stated that since filing the instant Motion, they have subpoenaed the files of Plaintiff's experts. The files include invoices from Michael I.

Brookshire Associates, which reveal a series of meetings among Plaintiff's expert(s), Mr. Parsons and counsel for Plaintiff. In addition, the invoices indicate that Mr. Barrett reviewed notes, which have not been produced to Defendants.

Plaintiff indicated it has inquired of its expert, and he indicated he had no notes. Plaintiff will inquire again and will produce such notes if they exist.

The court finds that Defendants' Motion should be granted. The 1993 amendments to the Federal Rules of Civil Procedure "imposed mandatory disclosure obligations on testifying experts, broadened the scope of discoverable information and the methodology for obtaining this information." *Synthes Spine Co. v. Walden*, 232 F.R.D. 460, 462 (E.D.Pa.2005). In particular, Rule 26(a)(2)(B) was added, and requires an expert to disclose "the data or other information considered by the witness in forming the opinions," among other things. Fed. R.Civ.P. 26(a)(2)(B). The advisory committee notes, related to the 1993 amendment and the addition of Rule 26(a)(2)(B), state that

> [t]he report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinion. Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

Fed.R.Civ.P. 26(a)(2)(B) advisory committee's note. The court in *Walden* observed that "the overwhelming majority of courts ... have adopted a pro-discovery position, concluding that, pursuant to Rule 26(a)(2)(B), a party must disclose all information provided to its testifying expert for consideration in the expert's report, including information otherwise protected by the attorney-client privilege or the work product" doctrine. *Walden*, 232 F.R.D. at 463; *see also Musselman v. Phillips*, 176 F.R.D. 194, 199 (D.Md. 1997) (finding that "when an attorney com-

municates otherwise protected work product to an expert witness retained for the purposes of providing opinion testimony at trial—whether factual in nature or containing the attorney's opinions or impressions—that information is discoverable if it is considered by the expert").

Consistent with the advisory committee's note, the court in *Walden* interpreted Rule 26(a)(2)(B) "as requiring disclosure of all information, whether privileged or not, that a testifying expert generates, reviews, reflects upon, reads, and/or uses in connection with the formulation of his opinions, even if the testifying expert ultimately rejects the information." *Walden*, 232 F.R.D. at 464. In particular, the court in *Walden* found that oral communications between the plaintiff, plaintiff's expert and plaintiff's counsel were subject to production. *Id.* at 465.

■ Clearly, the information received by Plaintiff's experts in their meetings with Mr. Parsons or otherwise is discoverable. As the party asserting work product immunity, the burden is on Plaintiff "to demonstrate that the materials were not furnished to their expert to be used in forming an opinion, or that the expert did not consider the materials in forming the opinion." *Musselman*, 176 F.R.D. at 202. Plaintiff has not so indicated, and the invoices referenced by Defendants at the hearing belie such a position. Even if the information communicated by Mr. Parsons was not ultimately used in Plaintiff's experts' reports, the exercise of receiving the information, considering it and determining whether or not it would be relied upon and used in the report falls within the broad definition of "considered" contained in Rule 26(a)(2)(B).

■ Furthermore, the court finds that Defendants may ask Mr. Parsons about the information provided to Plaintiff's experts. As Defendants point out, neither Rule 26(a)(2)(B) or the advisory committee notes distinguish from whom discovery may be sought with respect to information provided testifying experts. Defendants indicate that they wish to question Mr. Parsons about the information he provided to Plaintiff's experts in order to compare his responses with the

responses of Plaintiff's experts to the same line of questioning. Defendants should have this opportunity. Posing such deposition questions to Mr. Parsons is not at all inconsistent with the broad contours of Rule 26(a)(2)(B).

Accordingly, it is hereby **ORDERED** that Defendants' Motion to Compel Deposition Testimony of Stephen F. Parsons is **GRANTED.** The parties shall bear their own costs.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel of record.